Robert K. SUTTON, Jr., Appellant,

v.

The STATE BAR OF TEXAS, Appellee.

No. 08–87–00191–CV.

Court of Appeals of Texas, El Paso.

April 13, 1988.

Rehearing Denied May 13, 1988.

Mike Barclay, Alpine, for appellant.

Linda Acevedo, Asst. Gen. Counsel, Steven D. Peterson, Gen. Counsel, State Bar of Texas, Austin, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a default judgment disbarring Appellant from the practice of law. We affirm.

On March 14, 1986, petition was filed.

On April 3, 1986, interrogatories were served upon Appellant to be answered on or before May 5, 1986.

On December 22, 1986, notice of intention to take Appellant's deposition on March 6, 1987 was filed.

February 27, 1987 was the postmark of a letter from the attorney for the Appellant/Respondent informing the Petitioner that the Respondent was not going to be able to attend the deposition because of medical treatment and surgery.

On March 5, 1987, Petitioner received an unfiled motion for protective order seeking to shield the Respondent from deposing because of "medical problems."

On March 6, 1987, Respondent failed to appear for deposition.

On March 20, 1987, Petitioner presented a motion for sanctions against the absent Respondent at pretrial conference. The trial court took the matter under advisement and requested the attorneys to take the deposition of two treating medical doctors in order to provide some evidence "that will either verify the fact that he is seriously ill or is not." A completion period of a week was agreed upon.

On March 30, 1987, the trial court struck Respondent's pleadings and entered a default judgment.

■ Rule 215, subd. 2b(5), Tex.R.Civ.P., provides that if a party fails to comply with an order to provide discovery, the court may, after notice and hearing, strike the pleadings and grant default judgment. The Appellant contends the trial court abused its discretion. He reasons the purpose of the sanction rules is not to punish the disobeying party but to secure compliance. However, deterrence of others by example is a proper consideration in exacting the penalty. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1986). The trial court had discretion to examine the Appellant's failure to respond and appear, together with the absence of legal and competent vindicating evidence, and assess an appropriate penalty.

■ Appellant attacks the trial court's entry of default judgment without hearing evidence before deciding its option to disbar, suspend or reprimand as provided for in art. 10, sec. 23(A), State Bar Rules. He likens the proceeding to default judgment with unliquidated damages. Unless the amount of damages can accurately be calculated by the court from the allegations in the petition, evidence must be received in a suit for damages. In this case, the harm to the individual clients can be determined from the acts alleged in the petition. Upon default, these acts would be deemed admitted. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979). An exception to this general rule was set forth in *Armstrong v. Armstrong*, 601 S.W.2d 724 (Tex.Civ.App.— Beaumont 1980, writ ref'd n.r.e.). This was a child custody case and the paramount concern of courts in determining the best interests of a child would override technical rules of practice and pleading. The disbarment of an attorney is viewed from the perspective of protection of the public. *McBrayer v. Cravens, Dargan & Roberts*, 265 S.W. 694 (Tex.Comm'n.App.1924). This philosophical concept would certainly not expand the rights of the attorney/Respondent.

In addition to considering the acts alleged in the petition, the trial court could consider the conduct of the Respondent during the investigation and trial of the disciplinary action. Article 10, sec. 23(B), State Bar Rules. This would include any attempts to thwart or impede the proceedings, or any failure to cooperate in said proceedings. 7 Am.Jur.2d Attorneys At Law, sec. 58 at 117.

Article 10, sec. 23(B), supra, also grants the trial court discretion to hold a separate evidentiary hearing on the appropriate measure of discipline, but it does not require this to be done.

The trial court has acted within reference to guiding rules and principles of law and therefore was not acting arbitrarily or unreasonable. *Downer*, 701 S.W.2d at 242. Point of Error No. One is overruled.

■ Point of Error No. Two challenges the jurisdiction and venue of the trial court by citing the former art. 320a–1, sec. 6, State Bar Rules (presently governed by art. 10, sec. 17, State Bar Rules as promulgated by the Texas Supreme Court, effective June 1, 1986, Vernon Pamphlet 1988). The former states in part "no disbarment proceedings shall be instituted against any attorney except in the District Court located in the county of said attorney's residence...." Respondent's motion for a new trial alleges another county of residence. *State v. Pounds*, 525 S.W.2d 547 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.) and *Hefner v. Grievance Committee for District 1–A, State Bar of Texas*, 708 S.W.2d 43 (Tex.App.—Dallas 1986, no writ) construes art. 320a–1, sec. 6 to apply to venue and not jurisdiction.

Rule 86, Tex.R.Civ.P., provides:

An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a.

In this case, Respondent's general denial was first filed unaccompanied by any motion to transfer venue. Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.