Petre PLEASANTS, Appellant,

v.

Steve EMMONS and Cindy Emmons, Appellees.

No. 11–93–218–CV.

Court of Appeals of Texas, Eastland.

Feb. 17, 1994.

Rehearing Overruled March 24, 1994.

Opinion

DICKENSON, Justice.

The trial court sustained a plea in abatement and dismissed appellant's cause of action. We reverse and remand.[1]

### Background Facts

Petre Pleasants was driving an automobile at night on Interstate Highway 45 in Freestone County on September 3, 1990, when the car hit a horse which was on the highway. Rosemary Dumas owned the automobile, and she was a passenger at the time of the collision. Dumas and Pleasants were both injured. Pleasants and Dumas[2] claim that Steve Emmons and Cindy Emmons owned the horse and that they were negligent in allowing the horse to be on the interstate highway.

### First Lawsuit

The first lawsuit was filed in Freestone County by Pleasants. Mr. and Mrs. Emmons were named as defendants in that lawsuit. The defendants live in Freestone County, and the collision occurred in Freestone County. Dumas intervened in the lawsuit, suing the alleged owners of the horse and also suing Pleasants for negligence in her driving of the automobile. Pleasants and Dumas both live in Dallas County. When defendants' attorney learned that the intervenor's attorney was planning to take a nonsuit and refile her case in Dallas County, he promptly filed a counterclaim for his clients. In their second amended counterclaim against Dumas, Mr. and Mrs. Emmons sought indemnity or contribution from her as to any amount recovered against them by Pleasants. Pleasants and Dumas subsequently took nonsuits under TEX.R.CIV.P. 162.

### The Second Lawsuit

After dismissing her first case, Dumas filed suit in Dallas County against Pleasants and also against Mr. and Mrs. Emmons.

Bertran T. Bader, Cox & Bader, Dallas, for appellant.

Paul M. Boyd, Foley & Boyd, P.C., Tyler, for appellees.

1. This appeal was transferred from the Dallas Court of Appeals to this court pursuant to TEX. GOV'T CODE ANN. § 73.001 (Vernon 1988).

2. She is not a party to this appeal.

Pleasants filed an answer, and she also filed a cross action against Mr. and Mrs. Emmons for her damages. Mr. and Mrs. Emmons filed pleas in abatement as to both causes of action. On December 12, 1992, the trial court sustained the pleas in abatement and ordered that all proceedings in this case be transferred to the District Court of Freestone County. On February 2, 1993, the trial court modified the abatement order and provided that this action shall not be transferred but "shall be abated." On April 19, the trial court granted Pleasants' request that the February 2 order be modified, and it dismissed the cause. Pleasants made that request so that she could appeal the ruling on the abatement of her cause of action.

### Points of Error

Appellant has briefed two points of error. She argues that the trial court erred in sustaining the plea in abatement as to her cause of action on the basis of a prior action pending because: (Point One) the prior case had been dismissed by Pleasants who was plaintiff in that lawsuit; and (Point Two) the cross action in the prior lawsuit did not amount to a claim for affirmative relief. We sustain both points.

### Plea in Abatement

 A plea in abatement should be sustained if a prior lawsuit involving the same controversy is pending in another court. See McDONALD, TEXAS CIVIL PRACTICE § 9:18 et seq. (rev. 1992). If the prior lawsuit is dismissed, the grounds for abatement no longer exist. Under Rule 162, Pleasants had the right to dismiss or nonsuit her prior cause of action, but such dismissal cannot prejudice the right of the adverse parties "to be heard on a pending claim *for affirmative relief.*" (Emphasis added)

The Supreme Court defines the meaning of this rule in General Land Office of the *State of Texas v. Oxy U.S.A., Inc.,* 789 S.W.2d 569 at 570 (Tex.1990):

> To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, *independent of the plaintiff's claim,* on which he could recover benefits, compensation or re-
> lief, *even though the plaintiff may abandon his cause of action or fail to establish it.* (Emphasis added)

See also *BHP Petroleum Company, Inc. v. Millard,* 800 S.W.2d 838 at 841 (Tex.1990); *Weaver v. Jock,* 717 S.W.2d 654 at 657 (Tex. App.—Waco 1986, writ ref'd n.r.e.); and *Newman Oil Company v. Alkek,* 614 S.W.2d 653 at 655 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.).

The Emmons' counterclaim was not "independent" of Pleasants' claims in the prior lawsuit. The only relief which the counterclaim sought was indemnity or contribution from Dumas as to any damages recovered by Pleasants. Since Pleasants had abandoned her claims in the first lawsuit, it is clear that she could not have established her cause of action in that case. Consequently, the controversy was not pending in Freestone County at the time the Dallas court granted the pleas in abatement.

The judgment of the trial court is reversed, and the cause is remanded.