Petition for Writ of Mandamus Denied and Memorandum Opinion filed
February 8, 2007








Petition for Writ of
Mandamus Denied and Memorandum Opinion filed February 8, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01038-CV

____________

 

IN RE CINDY SCHOELPPLE, 

 Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

On
November 30, 2006, relator Cindy Schoelpple filed a petition for writ of
mandamus in this court, requesting we compel respondent, the Honorable James
Squier, presiding judge of the 312th District Court, Harris County, Texas, to
vacate an order granting grandparent access, signed on July 14, 2005.  See
Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see  also  Tex. R. App. P. 52.1. 
For the reasons set forth below, we deny relator=s petition.  

Background









Relator
filed a divorce action in Harris County on June 24, 2004, which included a
request for custody of, and support for, her daughter.  On October 22, 2004,
real party James Schoelpple, the child=s maternal grandfather, filed an AOriginal Petition in Intervention of
Grandparent for Conservatorship and Petition for Grandparent=s Access,@ requesting appointment as possessory
conservator and possession of and access to the child.  On November 15, 2004,
relator and her then-husband, David Mora, filed notices of nonsuit, stating
they were attempting to reconcile.  The trial court signed a dismissal order as
to the divorce petition shortly thereafter.  On June 15, 2005, relator filed a
divorce action in Cherokee County,[1] but did not
disclose the Harris County suit.  

Following
the nonsuit, the Harris County court proceeded on real party=s petition.  A trial was conducted[2]
and, on July 14, 2005, an agreed order was entered, granting real party access
to the child (Aagreed access order@).[3]  Real party
subsequently filed a motion to enforce the agreed access order in the Harris
County court, and relator filed a motion to dismiss for want of jurisdiction. 
Respondent signed an order denying relator=s motion to dismiss on October 27,
2006, and relator challenges that order in this mandamus proceeding.[4]


Discussion

In her
mandamus petition, relator argues the agreed access order is void, contending
that when she and Mora nonsuited the divorce action, there was no longer a suit
in which real party could intervene.  She asks this court to compel respondent
to dismiss the agreed access order as void.   








Mandamus
issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law.  See Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  If a court
issues a void order, the relator need not show it does not have an adequate
appellate remedy, and mandamus relief is appropriate.  In re Southwestern
Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).  

A void
judgment results when the trial court had (1) no jurisdiction over the parties
or subject matter, (2) no jurisdiction to render the judgment, or (3) no
capacity to Aact as a court.@  Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003)
(citing Cook v. Cameron, 733 S.W.2d 137, 140 (Tex. 1987)); In re
Sheppard, 193 S.W.3d 181, 186 (Tex. App.CHouston [1st Dist.] 2006, orig.
proceeding [mand. denied]).  If the court=s action is contrary to a statute or
statutory equivalent that is not jurisdictional, the judgment is voidable as
opposed to void and is corrected through the customary appellate process.  Reiss,
118 S.W.3d at 443; In re Sheppard, 193 S.W.3d at 186.  

Given
the procedural posture of this case and relator=s argument, the issue here is whether
the nonsuit divested the Harris County court of jurisdiction over real party=s petition.  See Reiss, 118
S.W.3d at 443; Armentor v. Kern, 178 S.W.3d 147, 149 (Tex. App.CHouston [1st Dist.] 2005, no pet.)
(defining a collateral attack on a judgment). 

A.        Standing to Seek Access  

Pursuant
to the provisions in the Texas Family Code applicable to this case,  a








 grandparent may file an
original suit affecting the parent-child relationship (ASAPCR@)[5]
to request access to a grandchild Awithout regard to whether the
appointment of a managing conservator is an issue in the suit.@  See Acts of 1995, 74th Leg.,
R.S., ch. 20, ' 1, 1995 Tex. Gen. Laws 157 (amended 2005) (current version at Tex. Fam. Code Ann. ' 153.432 (Vernon Supp. 2006)).[6] 
Section 102.004(b) provides that a grandparent cannot file an original suit
seeking possessory conservatorship, but may intervene in a pending suit
if certain evidence is met.  See Acts of 1995, 74th Leg., R.S., ch. 20, ' 1, 1995 Tex. Gen. Laws 125 (amended
2005) (current version at Tex. Fam. Code Ann. ' 102.004(b) (Vernon Supp. 2006)).[7] 
In his petition, real party sought both possessory conservatorship under
section 102.004 and access under section 153.432, thus utilizing the two
methods available under the Family Code to obtain access to his grandchild.  See
id. '' 102.004(b), 153.432; see also In
re C.M.C., 192 S.W.3d 866, 871 n.6 (Tex. App.CTexarkana 2006) (noting grandparents
have several methods available to obtain access to grandchildren under Texas=s Family Code).  Consequently, even
assuming without deciding that real party=s intervention in the pending divorce
suit was negated by the nonsuitBBwhich requires a further assumption that the request for
possessory conservatorship is not a request for affirmative reliefBBthis does not necessitate the
conclusion that real party=s petition for access under section 153.432 was similarly
negated.  See In re D.D.M., 116 S.W.3d 224, 232 (Tex. App.CTyler 2003, no pet.) (stating, where
underlying SAPCR order was dismissed, the trial court retained jurisdiction
over foster parents intervening for joint managing conservatorship because they
sought independent, affirmative relief).[8]








Further,
any party may intervene in a suit by filing a pleading, subject to being
stricken out by the court for sufficient cause on the motion of any party. 
Tex. R. Civ. P. 60; In re D.D.M., 116 S.W.3d at 231.  AUpon filing of the petition, an
intervenor becomes a party to the suit for all purposes,@ and if a party is nonsuited or
dismissed, a party=s claim for affirmative relief is not prejudiced.   In re
D.D.M., 116 S.W.3d at 231.  A claim for affirmative relief is one that
allows the intervenor to recover relief despite plaintiff=s abandonment or failure to establish
a claim.  Id. at 232.  Section 153.432 expressly allows a grandparent to
seek access of a grandchild independent of a suit for managing conservatorship
and, consequently, real party=s request for access, as a claim for affirmative relief,
survived the nonsuit.  See Tex. Fam. Code Ann. ' 153.432(b); In re D.D.M., 116
S.W.3d at 231.

Conclusion

In sum,
relator has failed to establish that she is entitled to the requested relief. 
Accordingly, we deny relator=s petition for writ of mandamus.

 

PER
CURIAM

 

Petition Denied and Memorandum Opinion filed February
8, 2007.

Panel consists of Chief Justice Hedges and Justices
Yates and Seymore.

 

 









[1]A final divorce decree was signed by the Cherokee
County court on June 7, 2006.





[2]This court was not furnished with a copy of the
transcript from the trial.  





[3]The agreed access order contains the statutory notices
required under section 105.006 of the Family Code, AContents of a Final Order.@  See Tex. Fam. Code Ann. ' 105.006 (Vernon Supp. 2006).  Further, it was entered
in the case as a default judgment and states, in part, that (a) the court had
jurisdiction of the case and the parties, (b) Ano other court has continuing, exclusive jurisdiction,@ and (c) Aall
relief requested in this case and not expressly granted is denied.@





[4]Relator also filed a motion to transfer the case to
Cherokee County, which real party alleges was denied; however, relator does not
challenge that ruling in this original proceeding.  See Tex. Fam. Code
Ann. ' 155.201 (setting out circumstances for mandatory
transfer).     





[5]A SAPCR is defined in the Family Code as follows: A>Suit affecting the parent‑child relationship= means a suit filed as provided by this title in which
the appointment of a managing conservator or a possessory conservator, access
to or support of a child, or establishment or termination of the parent‑child
relationship is requested.@  Id. ' 101.032(a) (Vernon 2002) (emphasis added).   





[6]Section 153.432 was amended effective September 1,
2005 to permit a grandparent to file an original suit to request Apossession of@ or
access to a grandchild.  See Tex. Fam. Code Ann. ' 153.432 (Vernon Supp. 2006).  The previous version of
the statute applies in this case.  See id.





[7]Section 102.004(b) was amended effective June 1, 2005;
the amendments apply to original suits filed on that date or thereafter.  See
' 102.004 historical note (Vernon Supp. 2006).  The
previous version of the statute applies to this case.  





[8]In support of her argument, relator relies on two
cases dealing with the death of a spouse during a pending divorce.  See
Griggs v. Latham, 98 S.W.3d 382 (Tex. App.CCorpus Christi 2003, pet. denied); Smelscer v. Smelscer, 901
S.W.2d 708 (Tex. App.CEl Paso 1995, no writ).  However, those cases are
distinguishable because, here, relator is asserting a collateral attack on the
agreed access order and our review is limited to the Harris County court=s jurisdiction to render that order.  Also, although
relator asserts that real party was unable to intervene and petition for access
within one pleading, she did not cite, nor did we find, authority to support
that statement.