

# IN THE
# TENTH COURT OF APPEALS

––––––––––––

### No. 10-20-00336-CV

––––––––––––

### IN THE INTEREST OF A.W. A/K/A A.R.W., A CHILD

––––––––––––

**From the County Court at Law
Bosque County, Texas
Trial Court No. CV19362**

––––––––––––

## DISSENTING OPINION

––––––––––––

After significant judicial procedures, this child had the assurance of a different future. This child now must start over because magic words were not included in an extension order. I view the law, and therefore the result somewhat differently. I respectfully but vigorously dissent.

I have no quarrel with the Court's recitation of the procedural facts. The bottom line is that if the trial court's extension order is valid, the trial court had jurisdiction to conduct the trial that resulted in the termination of the parental rights of both parents. If the extension order was invalid, the mother argues that the proceeding was automatically dismissed the day before the trial and that the trial was a nullity. If the mother is correct,

the termination of the father's parental rights as a result of the same trial is also a nullity even though he did not file a notice of appeal.

The argument of the mother is that the extension order was defective on its face. Specifically, the mother argues that the order was defective because it does not contain the findings regarding extraordinary circumstances and the best interest of the child which she argues the trial court is required to expressly set forth in the extension order. The mother does not complain that the trial court did not timely render an extension order, rather, she argues that it does not contain everything that it should, that it does not contain the magic words to make it effective.

The Family Code describes what has to be in an order that grants an extension of the one-year deadline to complete a case in which the State seeks to terminate the parental rights to a child. Specifically, Section 263.401 of the Family Code provides in relevant part:

> If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:
>
> (1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);
> (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and
> (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

TEX. FAM. CODE ANN. § 263.401.

However, the mother is not contending that the order is defective for not containing these elements. Rather, the mother is complaining that the order does not contain the court's findings necessary to make the order, and that is the defect in the order that the Court holds requires the automatic dismissal pursuant to the statute. But, while the statute specifies the findings required to be made by the trial court to render the extension order, nowhere does the statute require that the findings have to be made within the order. I have found nothing to require that the findings, or for that matter the trial court's extension order, be made in writing, much less that the finding must be made within the four corners of a written order granting the extension as argued by the mother, conceded by the department, and as now held by this Court.

Family Code Section 263.401(b) does specify that to render an order which extends the dismissal date, the trial court must make certain findings. Specifically, the statute provides:

> [T]he court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child.

TEX. FAM. CODE ANN. § 263.401(b).

It is thus undisputed that to render a valid extension order, the trial court must

make the following two findings: (1) That extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department; and (2) that continuing the appointment of the department as temporary managing conservator is in the best interest of the child.

The record before this court does not appear to contain a written expression of either of these findings. The statute, however, does not specify how these findings must be documented, if at all. While some courts have suggested that the findings are required to be in the order and in writing, those opinions do not turn on such a determination. Moreover, this Court has held that an oral finding is adequate and relied upon a case that held that the statute does not require a written extension order and that an oral rendition is sufficient. *See In the Interest of C.L.B.*, No. 10-13-00203-CV, 2014 Tex. App. LEXIS 1924 at *25, 2014 WL 702798 (Tex. App.—Waco Feb. 20, 2014, no pet.) (mem. op.), *see also In the Interest of J.G.K.*, No. 02-10-00188-CV, 2011 Tex. App. LEXIS 4836 at *105, 2011 WL 2518800 (Tex. App.—Fort Worth June 23, 2011, no pet.) (mem. op.). The Twelfth Court of Appeals in Tyler has expressly held that the extension order need not be in writing, but ultimately that discussion was not necessary to support its disposition of that appeal. *In the Interest of D.D.M.*, 116 S.W.3d 224 (Tex. App.—Tyler 2003, no pet.). Additionally, in this proceeding, although the mother knew of the alleged defect in the extension order for 21 days after the order was signed extending the dismissal date and before the end of the original one-year period which ended the day before the trial was conducted, she never

objected to the trial court about the absence of what she contends is a defect in the extension order on appeal.

As further support for the fact that we should not hold that the required findings have to be in a written order, we note that the legislature knows how to make such a requirement and did not do so here.  For example, in Family Code section 154.130(b), the legislature has spelled out with precision the findings that are required to be included in a child support judgment that deviates from the percentage guidelines under Section 154.125 or 154.129 of the Family Code. *See* TEX. FAM. CODE ANN. § 154.130(b).

Similarly, in juvenile proceedings which are civil in nature, until very recently it was required to include specific fact findings in an order to transfer the proceeding to adult court or the order was void. *See Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), *overruled by Ex parte Thomas*, 2021 Tex. Crim. App. LEXIS 274 (Tex. Crim. App. Mar. 31, 2021). However, in *Ex Parte Thomas*, the Court of Criminal Appeals recognized that the statute that requires the trial court to make specific fact findings does not require those findings to be set out in the written order in order for the transfer order to be valid. *See Ex Parte Thomas*, 2021 Tex. Crim. App. LEXIS 274 at *14.

One other observation may be important to note here.  There is the presumption of validity of a trial court's actions that protects the trial court's judgments from subsequent attacks such as this.  As an appellate court, we are to presume the validity of an order and that the trial court made any required findings unless and until the appellant

shows that the trial court did not, or could not, make the findings required or that the trial court made findings contrary to the required findings. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 53 (Tex. 2003) ("When neither party requests findings of fact and conclusions of law, it is implied that the trial court made all fact findings necessary to support its judgment."); *see also BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). In essence the findings required are implied until negated by the appellant. This appellant's attack is limited to the argument that the findings are not included in the written extension order. The mother does not complain about the nature of the hearing held or the evidence to support the implied findings.

The mother's entire argument is that the findings have to be included within a written extension order. I do not believe that is a requirement of the statute. Therefore, I would overrule the mother's issue and, because that is the only challenge to the termination order, I would affirm the trial court's judgment. Alternatively, I would hold that the mother's complaint was not preserved due to the failure to timely object to the extension order that was timely rendered, at a time and in a manner that the trial court could have easily cured the argued error by expressly making the findings and including those finding within the order as mother contends on appeal is necessary. Finally, to the

extent that the mother raises any other error, I would hold that it is inadequately briefed.[1]

*See* TEX. R. APP. P. 38.1(i).

Finally, I cannot leave this case without commenting on the Court's holding that the intervenor's pleadings can support the trial and allow for a modification of the judgment that does not terminate the parents' parental rights,[2] but nevertheless appoints the department as permanent managing conservator and the grandmother possessory conservator. First, because the department did not file a notice of appeal, by following the reasoning of a very recent holding of this court, the judgment cannot be modified to grant the department any relief by such a modification of the judgment. *See Benner v. Armstrong*, No. 10-19-00279-CV, 2021 Tex. App. LEXIS 2024 at *10 (Tex. App.—Waco Mar. 17, 2021, no pet. h.). Neither did the intervenor file a notice of appeal to complain of the trial court's failure to grant their only requested relief, which was to be named the managing conservator of the child. Second, how strange is it that the trial was conducted with the department engaged as the party with the burden of proof in the proceeding, presenting and cross-examining witnesses, and making arguments when, based on the Court's holding, they were no longer even a party to the proceeding and did not even have the right to be heard. Thus, although I would not reach this issue if the judgment

---

[1] The mother also posits that the motion for an extension of the dismissal date was inadequate. Such a complaint on appeal clearly comes too late as such a complaint must be made by special exception to the pleadings and obtain a ruling thereon or the complaint is waived. *See* TEX. R. CIV. P. 90.

[2] The petition in intervention did not seek termination of the parents' parental rights but only prayed for the appointment of the intervenor as the managing conservator of the child.

In the Interest of A.W. a/k/a A.R.W., a Child                                          Page 7

were affirmed as discussed above, I disagree with the Court's holding that modifies the trial court's judgment by affirming only the appointment of the department as the managing conservator and the intervenor as the possessory conservator.

## Conclusion

This is an important case for a number of reasons, but probably none is more important than the whipsawn emotional impact that is the life of this child. But the larger legal importance is the existential threat to having every termination order rendered during an extension period reexamined and held to be void if the extension order did not contain the findings as this court holds today is required even though the statute does not expressly require them. The sanctity of judgments requires more. I respectfully cannot join the Court's opinion and dissent to its judgment for the reasons expressed herein.


TOM GRAY
Chief Justice

Dissenting Opinion delivered and filed April 14, 2021

